**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Canal Insurance Company, a South Carolina corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>Petru Branc d/b/a Brancson Trucking Company, an Arizona corporation; Daniel Branc d/b/a Brancson Trucking Company and Jane Doe Branc; and Cristian Cobala and Jane Doe Cobala,<br><br>  Defendants. | No. CV-08-495-PHX-DGC<br><br>**ORDER** |

Plaintiff Canal Insurance Company has filed a motion for default judgment against Defendants Petru Branc, Daniel Branc, and Cristian Cobala pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. #21. The Court will deny the motion without prejudice.

**I.   Background.**

Plaintiff filed a complaint for declaratory judgment against Defendants. Dkt. #1. Defendants Petru Branc, Daniel Branc, and Cristian Cobala were served with process in March 2008. Dkt. ##6-9. Defendants have failed to plead or otherwise defend this action. The Clerk has entered Defendants' default pursuant to Rule 55(a). Dkt. #20.

**II.   Discussion.**

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d

1089, 1092 (9th Cir. 1980). Factors the court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see PepsiCo, Inc. v. Los Potros Distribution Ctr., LLC*, No. CV-07-2425-PHX-DGC, 2008 WL 942283, at *1-4 (D. Ariz. Apr. 7, 2008).

Plaintiff's motion does not address the *Eitel* factors. Nor does it include an affidavit showing that Defendants are not minors or incompetents, *see* Fed. R. Civ. P. 55(b)(2), or are not in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940, *see* Fed. R. Civ. P. 55, Advisory Comm. Notes, Supplementary Note. Moreover, the motion does not describe the nature of the default judgment sought, and Plaintiff has not lodged a proposed order as required by Rule 7(b)(2) of the Local Rules of Civil Procedure.

This is not Plaintiff's first attempt at obtaining a default judgment in this matter. The initial motion for default judgment was defective because it was filed prior to the entry of Defendants' default. *See* Dkt. #18.

The Court will deny the instant motion without prejudice. Plaintiff has until June 13, 2008, to file a proper motion for default judgment. The motion shall comply fully with Rule 55 and the Court's Local Rules of Civil Procedure. The motion also shall address the status of the Jane Doe Defendants.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Dkt. #21) is **denied** without prejudice.
2. Plaintiff has until **June 13, 2008** to file a motion for default judgment consistent with this order.

DATED this 22nd day of May, 2008.

David G. Campbell
United States District Judge