**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Canal Insurance Company, a South Carolina corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Petru Branc d/b/a Brancson Trucking Company, an Arizona corporation; Daniel Branc d/b/a Brancson Trucking Company and Jane Doe Branc; and Cristian Cobala and Jane Doe Cobala,<br><br>    Defendants. | No. CV-08-495-PHX-DGC<br><br>**ORDER** |

Plaintiff Canal Insurance Company has filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. #23. No response has been filed, and the time for doing so has expired. The Court will grant the motion in part and deny it in part.

**I.    Background.**

Plaintiff issued an insurance policy to Brancson Trucking Company and Daniel Branc. In October 2007, Betsy and Guy Donovan brought suit against Brancson Trucking Company, Daniel Branc, and Cristian Cobala in New Mexico state court asserting various claims based on the alleged failure to properly transport the Donovans' vehicle from Pennsylvania to New Mexico (the "New Mexico Action"). Dkt. #23-2 at 1-10. Plaintiff currently is providing a defense to its insureds in the New Mexico Action under a reservation of rights. Dkt. #23 at 2.

1    Plaintiff filed this declaratory judgment action on March 12, 2008. Dkt. #1. Plaintiff seeks a judgment declaring that the insurance policy Plaintiff issued to Brancson Trucking Company and Daniel Branc does not provide coverage for the claims made by the Donovans in the New Mexico Action or any claims arising out of the New Mexico Action, that Plaintiff does not have a duty to defend Brancson Trucking Company and Daniel Branc in the New Mexico Action, and that Plaintiff is not obligated to indemnify or pay any judgment or award of damages in the New Mexico Action. *Id.* at 7-8.

**II.    Default Judgment Standard.**

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

**III.   Defendants Petru Branc, Daniel Branc, and Cristian Cobala.**

Defendants Petru Branc, Daniel Branc, and Cristian Cobala were served with process in March 2008. Dkt. ##6-9. Defendants have failed to plead or otherwise defend this action. The Clerk has entered Defendants' default pursuant to Rule 55(a). Dkt. #20.

   **A.    Possible Prejudice to Plaintiff.**

The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff will be prejudiced if default judgment is not entered. Plaintiff served process on Defendants more than three months ago. Dkt. ##6-9. Defendants have not answered the complaint or otherwise appeared in this action. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security*

1  *Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. The Merits of the Claim and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). Plaintiff's complaint states a valid declaratory judgment claim. *See* Dkt. #1. The second and third *Eitel* factors therefore favor a default judgment.

### C. The Amount of Money at Stake.

Plaintiff does not seek an award of damages and asserts that it will bear its own costs and expenses associated with this action. *See id.* This factor therefore does not weigh against a default judgment.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect.

Defendants were properly served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Dkt. ##6-9. It therefore is "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F. The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL

65604 at *5.

## G. Conclusion.

Having reviewed Plaintiff's motion and considered the *Eitel* factors as a whole, the Court concludes that, pursuant to Rule 55(b), the entry of default judgment is appropriate as against Defendants Petru Branc, Daniel Branc, and Cristian Cobala. The Court expresses no opinion as to the effect of the judgment on any issue related to the New Mexico Action.

## IV. The Jane Doe Defendants.

Plaintiff requests that default judgment be enter against Defendants Jane Doe Branc and Jane Doe Cobala as the spouses of Defendants Daniel Branc and Cristian Cobala, respectively. Dkt. #23 at 7. Plaintiff has not served process on the Jane Doe Defendants as required by Rule 4. Nor has the Jane Doe Defendants' default been entered pursuant to Rule 55(a). The Court accordingly will deny Plaintiff's request. By July 25, 2008, Plaintiff shall show cause why the Jane Doe Defendants should not be dismissed for failure to serve pursuant to Rule 4(m).

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Dkt. #23) is **granted in part and denied in part** as set forth in this order.

2. Default judgment on Plaintiff's declaratory judgment claim is entered in favor of Plaintiff and against Defendants Petru Branc d/b/a Brancson Trucking Company, Daniel Branc d/b/a Brancson Trucking Company, and Cristian Cobala.

3. The Court declares (a) that the insurance policy issued to Brancson Trucking Company and Daniel Branc (Policy No. 497436) does not provide coverage for the claims made by Betsy and Guy Donovan in the New Mexico Action or any claims arising out of the New Mexico Action, (b) that Plaintiff does not have a duty to defend Brancson Trucking Company and Daniel Branc in the New Mexico Action, and (c) that Plaintiff is not obligated to indemnify or pay any judgment or award of damages in the New Mexico Action.

- 4 -

1      4.    The request for default judgment against Defendants Jane Doe Branc and Jane Doe Cobala is **denied**.

3      5.    By July 25, 2008, Plaintiff shall show cause why Defendants Jane Doe Branc and Jane Doe Cobala should not be dismissed from this action. The Clerk is directed to terminate this action on **July 25, 2008** without further notice if Plaintiff fails to comply with this requirement.

DATED this 8th day of July, 2008.

_____
David G. Campbell
United States District Judge